UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CINCINNATI INSURANCE COMPANY,

        Plaintiff,

-vs-                                            Case No. 5:06-cv-249-Oc-10GRJ

ADVANCED MARKETING
INTERNATIONAL, INC., HY CITE
CORPORATION,

        Defendants.
_____

## **O R D E R**

This case is before the Court for consideration of Plaintiff Cincinnati Insurance Company's ("Cincinnati") Rule 12(b)(6) Motion to Dismiss Count II of Hy Cite Corporation's Counterclaim (Doc. 10), to which Defendant / Counterclaimant Hy Cite Corporation ("Hy Cite") has responded (Doc. 11). The motion is ripe for review and the Court concludes that it is due to be denied.

### **Background and Facts**

The facts, as set forth in Cincinnati's Answer and Counterclaim are as follows. On July 10, 2006, Cincinnati filed a complaint with this Court seeking a declaration that it has no duty to defend or indemnify Hy Cite in three state court actions pending in Lake County, Florida. Shortly thereafter, Hy Cite filed its Answer and Counterclaim, in Count II of which Hy Cite alleged that, "Cincinnati has acted in bad faith and without reasonable basis or

justification in its dealings with Hy Cite." Further, Hy Cite incorporated by reference paragraphs one through four of Count I. In paragraph three, Hy Cite recited that:

> Cincinnati has breached its duty under the Cincinnati Policies to defend Hy Cite in the Underlying Actions and related actions by, among other things: (a) interfering with Hy Cite's right to select counsel under Wisconsin law; (b) refusing to pay reasonable, market-based rates for Hy Cite's chosen counsel; and (c) imposing unreasonable conditions on Hy Cite's policy rights, which conditions are not part of the contractual relationship between Hy Cite and Cincinnati.

Answer & Counterclaims at ¶ 3. Cincinnati then filed this motion to dismiss Count II of Hy Cite's Counterclaim.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 80 (1957); see also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971). Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead. Dotschay v. Nat'l Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. Instead, all that

is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id.

## Discussion

Cincinnati moves pursuant to Rule 12(b)(6) to dismiss Count II of Hy Cite's Counterclaim on the grounds that Hy Cite failed to plead the elements of the insurer bad faith claim it purported to allege in that Count and, in any case, cannot plead the required elements of bad faith consistent with its Rule 11 good faith pleading obligations.

The parties agree that Wisconsin law governs this action because the policy at issue was delivered in Wisconsin. In regards to the tort of bad faith, the Wisconsin Supreme Court has stated that:

> It is well-settled that if an insurer fails to deal in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy, such conduct may give rise to a cause of action in tort for bad faith. By virtue of the relationship between the parties created by an insurance contract, a special duty arises, the breach of which duty is a tort and is unrelated to contract damages. The tort of bad faith is a separate intentional wrong, which results from a breach of duty imposed as a consequence of the relationship established by contract. When such a breach occurs, the insurer is liable for any damages which are the proximate result of that breach.

DeChant v. Monarch Life Ins. Co., 547 N.W.2d 592, 569-70 (Wis. 1996) (internal citations and quotations omitted). In Anderson v. Continental Ins. Co., 271 N.W.2d 368, 376 (Wis. 1978), the court found that, "To show a claim for bad faith, a plaintiff must show the

absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim."

Cincinnati argues that the sine qua non of a bad faith action in Wisconsin is a denial of the claim by the insurer in the first instance. Thus, Cincinnati asserts that because Hy Cite did not - and cannot - make such an allegation, its bad faith claim must fail. Hy Cite responds that Wisconsin law does not require the denial of a payment of benefits by the insurer. To the contrary, Hy Cite argues that any breach of policy obligations can give rise to a claim for bad faith. Thus, Hy Cite contends that its allegations that Cincinnati breached its policy obligations by taking the actions described in paragraph three of the Counterclaim are sufficient to state a claim. However, the parties do not direct the Court to any case law that directly addresses the issue now under consideration.

Thus, while Wisconsin case law surrounding this issue may be somewhat unsettled, it appears clear to the Court that the Plaintiff has met the very minimal pleading requirements necessary to survive a Rule 12(b)(6) motion to dismiss. Although the Wisconsin Supreme Court's opinions in DeChant and Anderson are somewhat ambiguous on this issue and could be read to support the position of both Hy Cite and Cincinnati, those opinions do not explicitly limit the tort of bad faith to a situation in which an insurer denies payment of a benefit. Here, Hy Cite alleged in Count II of the Counterclaim that Cincinnati acted in bad faith when it breached its duties under the insurance contract. Thus, the Court cannot say that it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." See Conley, 355 U.S. at 45-46.

## Conclusion

Accordingly, upon due consideration, Plaintiff Cincinnati Insurance Company's Motion to Dismiss Count II of Hy Cite Corporation's Counterclaim (Doc. 10) is DENIED in all respects.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 18th day of December, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

Maurya McSheehy